This next case is 411-285, Crouse v. Deeder, showing the appearance of Alan W. Appleby on behalf of the appellant, and the appearance of Daniel J. Beard on behalf of the appellee. Mr. Appleby, why don't you approach the bench over there at the podium. We have some preliminary matters to discuss in this case, which are somewhat unusual. I've been on this court now for over two decades, and I've not seen anything quite like this before. You have a copy of the letter. We have a copy of the letter, apparently, that your client has sent to you two months ago, Deeder Construction, saying he wanted this stopped, didn't want this appealed, indicating that you are proceeding contrary to his wishes. Our clerk contacted you about this, and our information was you were going to prepare something in writing. Have you done that? No, I have not, sir. Why not? I'm not sure I can give a satisfactory reason. My automatic reaction was a motion to withdraw, period, based on this letter. Then, based upon this letter, let's give you an opportunity to explain your side of what's going on and where we are now. My decision as far as appearing today was not to present an oral argument, certainly without this court's permission, because I do not feel that I can represent Mr. Deeder any longer. Now, I will say this letter is signed by Mr. Deeder. The court has a second letter that was dated October the 10th, 2010, that I believe was Exhibit A of the Appellee's brief, and I would say that the two letters should be read together. We have a September 20, 2011 letter. Yeah, that is the most recent one. I oppose. I oppose October 20th and September 20th. Oh, I don't think we can do that. Go ahead, Mr. Appellate. And, again, the reason is that I wanted to address the court solely on the terms of the letter, and then move to withdrawal. I know that that is not the normal practice, and that motion practice before the appellate court is different than… What letter are you talking about? Huh? What letter are you talking about? Um… Mr. Beard has something for you. Yeah, I've got it here. I think it's a letter dated March 1st, 2011. Oh, well, I'm mistaken then. There is another letter also that… It was filed with the court, I think, September 20th of 2011. No, sorry, that's the new letter. The one I'm thinking of is October 10th of 2010. And maybe I'm mistaken, Judge. What is this hearing all about? Why are you here? Why are we still in session? Why don't you file a response? Mr. Beard is here, an attorney from Jacksonville. These are not without cost. Yes, sir, that's correct. Given that it appears that your client didn't want any of this to go forward, why are we here, counsel? Because I did not expect my client's wife to write what I construe as a misleading, libelous, I think, letter. There are assertions and accusations made that I wish to comment. So you're here to respond to your client's wife's letter and to take up our time when this appeal should be terminated? Well, I don't think the appeal should necessarily be terminated. I don't think I'm in a position to make oral argument on that. Who is your client, David Dieter? I don't think he is any longer. Well, isn't he the only one? I mean, he has been my client. In this case? And after I returned from Florida and saw that this letter had been delivered and talked with the court in delivering what to do, the easiest thing, I think, maybe, would have been a one-sentence motion to withdraw based on the letter attached as an exhibit. I do think, though, that because of statements made in the letter, I wish to have a leave to comment on it. That's somehow pertinent to this appeal, which is what this court deals with? The appeal that your client wants not taken? It's my reputation. That's true. I will tell you, Judge, you're exactly right on that. These two matters today, the Solvin case at 9 o'clock and this one, are my last two matters as far as practicing law. Are you withdrawing? This is the end of my career. Are you withdrawing from the practice? That's the term you want to put it? Yes. I intend to, although I probably will continue to license it. I've always tried to do my best. I don't understand this letter. Well, I suppose the question is, given the letter and given the representations, given your client doesn't want this appeal to proceed, it seems to me that there's nothing for us to proceed upon and that we should simply adjourn these proceedings and dismiss the appeal. Is there any reason why those steps aren't what we should take here? My personal opinion, not on behalf of Mr. Dieter, is that I think there were legitimate issues raised in this appeal. They have been fully briefed, and even if not orally argued, they should be addressed by this court. Even though your client doesn't want to do anything further? He doesn't want me to do anything further. Well, he satisfied the judgment, didn't he, Mr. Appleby? He paid it. Yes. They borrowed money to pay it. And as shown here, he did deliver a $7,800 check, fully unrelated matter with the corporation. He says, I've been advised not to do any further work for me. Well, the corporation is not me. Somebody's giving him bad advice because he just put himself into a brief contract. Not you. No, sir. So you brought Mr. Beard over here from Jacksonville so you could tell us what you're just now telling us? Well, I don't understand because the arrangement I had with Mr. Dieter on the briefing is that I would not mail, as I ordinarily might, to his house because he did not want to upset his wife that the brief were in the office and that he could pick up a copy any time he wanted. The only comment I made, and I do not understand it because it says here, I now find that you've continued once again, did so by getting around the letter making false accusations against my wife to suit your purposes. I made absolutely no false allegations, guys. Isn't this a form, wouldn't this be a matter for the ARDC as opposed to this court, Mr. Appleby? It may be. Given that your client wants this appeal stopped, shouldn't it be appropriate to stop it? It's a strange question to ask because, as I say, in over two decades in this court, I've never before seen a situation where an attorney seems to be pursuing a matter in the teeth of an objection by his client saying stop it. I don't want to do this and be paid and forget about it. That's what he's done here, isn't it? As I read the letter, I think in his quote, I do not want you representing me further in anything. In this appeal, he says he doesn't want that pursued and he's paid it and he wants this all to end. Isn't that what he says? She said that. Other than telling the clerk that a response would be coming, we never did get a written response from you. Here's counsel, Mr. Beer. Well, I will say the clerk's office and they are very professional, the deputy clerk's and then Ms. Bender called me. Well, it appears to me that that's the action we should take to simply adjourn these proceedings and dismiss this appeal on the basis of what we have here. I wanted to give you an opportunity to see if there's any reason not to take that action. You haven't provided me any. Let me ask if my colleagues have anything additional they would want to ask or say. I think we should check with Mr. Beer. Mr. Beer, before taking these extraordinary steps, let's ask you if you have anything you would like to add to all of this before we take the action I'm proposing. No, Your Honor. I came over here to try to get the appeal dismissed. I'm not prepared for the court's ruling anyway. Well, Mr. Appleby, do you have anything further you wish to add to any of this? I would only say that I feel I have been dismissed as counsel on behalf of Mr. Dieter through this letter that was actually written by his wife. I would hate to see this appeal just summarily dismissed. Yes, it has been paid, but I think there are two issues that are very important and that the court could address without oral argument. Okay, well, thank you, counsel. We will then adjourn these proceedings and be recessed until the 7th.